## JACOB HARSHAW'S EXECUTORS v. N. W. WOODFIN and W. F. McKESSON.

Under the C. C. P., a covenant not to sue the defendant, may be made available by the latter, by way of counterclaim, to defeat an action brought in violation thereof.

A transaction in which one creditor consents, upon receiving security by way of mortgage, to give indulgence to his debtor, is not therefore fraudulent as to other creditors.

(*Russell* v. *Adderton, ante,* 417, approved.)

CIVIL ACTION, tried before *Mitchell, J.,* at Spring Term 1870, of BURKE Court.

The action was brought upon a bond executed by the defendants, payable to the plaintiffs' testator at twelve months, and dated November 1, 1860.

The defendants, by way of counterclaim, set up a transaction between the defendants and the testator, in 1867, by which the defendant Woodfin, who was the only principal in the note, executed a mortgage of lands to the testator, securing the debt in question, and thereupon received of the testator an instrument under seal, which, after enumerating certain debts, including the above, proceeded thus: "The above are secured in a mortgage this day, with agreement for indulgence three years, and one-third then to be paid; at four years, one-third to be paid, and the remainder in five years, and in the meantime no suit to be brought."

His Honor being of opinion thereupon that the plaintiff had no right to sue at the time that the action was commenced, they submitted to a non-suit, and appealed.

*Battle & Sons,* for the appellants.

To enforce in a court of law a covenant not to sue, resort must be had to an action thereupon; it is no *bar,* especially

where it is a covenant not to sue *for a certain time* only : 1 Shep. Touch. 164 ; *Deux* v. *Jeffries*, Cro. Eliz. 352 ; *Turner* v. *Davies*, 2 Wms. Saund. 150, n. 2.

*Malone, contra.*

Under the C. C. P., the present defence, being an *equitable* one, may be resorted to in the action upon the bond; see also, in another view, *Stinson* v. *Moody*, 3 Jon. 53.

DICK, J. We had occasion at this term to consider the distinction between a "release" and a "covenant not to sue :" *Russell* v. *Stokes.* Under the old system, a covenant not to sue for a time specified, was not a bar to an action on the debt or claim, and the plaintiff was entitled at law to proceed to judgment; but a court of equity would, by way of a specific performance of the covenant, enjoin an execution against the party to the covenant, (or a surety and other principal obligor, except for aliquot parts of the debt,) on the ground that otherwise the covenantee would be exposed to an action.

In this case, McKesson, the surety, consented to the delay given to Woodfin, and the creditor covenanted not to sue, provided the debt was paid in three, four and five years, and was secured by a mortgage on real estate. The mortgage and covenant to this effect, were executed at the same time. This action was commenced before the expiration of three years, the time of the first payment, and the defendants rely on the covenant as a counterclaim in bar, and as a full defence. We have seen that under the old system the covenant could not have been made available as a plea in bar, and the defendant's only remedy was in a Court of equity. Under the new system, full relief is given in one Court, and in one action, and no sufficient reason was suggested in the argu--

ment, why the covenant is not a bar to this action, on the ground that the plaintiff, by suing before the time stipulated, was acting in violation of his covenant. This seems clear where there is only one principal obligor, who sets up the covenant as a counterclaim; how it would be in the case of a principal co-obligor not a party to the covenant, is a question not presented.

This arrangement between these parties was valid, and in no degree liable to the objection that it tends to defraud creditors. The equity of redemption was open to the other creditors, and a purchaser would have an election either to pay the mortgage debt, and call for title, or else, to take the benefit of the extended credit. This circumstance would doubtless enhance the value of the equity of redemption, and in this way be of a benefit, instead of an injury to the other creditors. Thus they have no right to complain in the distressing times through which the country is passing, if a creditor is disposed to give indulgence, provided his debt is secured. Other creditors have it in their power to force a sale of the mortgaged premises whenever they see fit.

PER CURIAM.                              Judgment affirmed.